UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

FILED

2017 APR -3 PM 4: 21

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

TREVOINE M. MCCLENDON

    PLAINTIFF,

V.

J&A SECURITY SERVICES, LLC     DEFENDANT.

_____/

CASE NO.:

6:17-CV-590-ORL-37-DCI

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Trevoine M. McClendon, (hereinafter referred to as "the Plaintiff"), by and through his undersigned counsel and sues the Defendant, SARASOTA SECURITY PATROL, INC., (hereinafter referred to as the "Defendant"), and states as follows:

### Introduction

1. This action is brought by the Plaintiff individually pursuant to the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201, et seq (hereinafter, "the Act").

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in the Middle District of Florida because the Defendant employed the Plaintiff in Orange County, Florida, at is main place of business.

4. Plaintiff was an employee of the Defendant and at all times relevant to violations of the the Act was engaged in commerce as defined by 29 U.S.C. 207(a).

5. Defendant is a Florida corporation, having its main place of business in Orange County, Florida and participating as a member a national organization, "Patrol Services International" and at all times material hereto was and is engaged in interstate commerce.

6. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, therefore the Act's requirements and the Overtime requirements apply.

7. In the alternative, the Defendant was a part of a national organization "Patrol Security International" which was operated through common control, and/or business purpose and the combined sales or projected sales of the national organization are in excess of $500,000 per year, therefore the Act's requirements and the overtime requirements apply.

8. The Plaintiff has retained the Malatesta Law Office to represent him in this matter and has agreed to pay the firm a reasonable attorney's fee for its services.

## GENERAL FACTUAL ALLEGATIONS

9. The Defendant misclassified the employee as an exempt salaried employee not entitled to overtime compensation under the FLSA.

10. The Plaintiff worked the following schedule in portions of February and March of 2017: Week 1 (40 Hours), Week 2 (46 Hours), and Week 3 (36 hours).

11. The Plaintiff's primary duty and work performed is indistinguishable from non-exempt employees of the Defendant and employees of other similarly situated employers in security industry.

12. The Plaintiff received a single payment of wages totaling $100.00 on February 22nd, 2017.

13. The Plaintiff received no compensation whatsoever beyond the aforementioned payment for regular or overtime wages.

## COUNT I: VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

14. Plaintiff re-alleges Paragraphs 1 through 13 of this Complaint as if fully set forth herein.

15. Plaintiff's employment with Defendant was to consist of a normal workweek for which he was to be compensated at or above the FLSA minimum wage.

16. Plaintiff worked hours for Defendant for which he was paid below the FLSA statutory minimum wage. Moreover, the Defendant paid the Plaintiff no wage whatsoever for the vast majority of his time for the three week period of his employment.

17. As a direct and proximate result of Defendant's violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA for all hours worked.

WHEREFORE, Plaintiff respectfully requests:

    a. judgment in his favor for all unpaid minimum wages due or payable;

    b. liquidated damages;

    c. attorney's fees and costs pursuant to the FLSA;

    d. post-judgment interest;

    e. declaratory relief pursuant to the FLSA, finding that Plaintiff was not paid minimum wage for all hours worked as required by the Act; and

    f. all other and further relief this Court deems to be just and proper.

## COUNT II: VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

18. Plaintiff re-alleges Paragraphs 1 through 13 of this Complaint as if fully set forth herein.

19. During Plaintiff's employment, he worked hours in excess of forty (40) per week during the week ending February 25th, 2017.

20. Plaintiff is entitled to six hours of overtime for the work week.

21. Defendant violated the overtime provisions of 29 U.S.C. § 207 by not paying the Plaintiff any overtime.

WHEREFORE, the Plaintiff respectfully requests that judgment be entered in his favor against the Defendant:

    a. Declaring that the Defendants, violated the overtime provisions of 29 U.S.C. § 207;

    b. Awarding Plaintiff overtime compensation in the amount calculated;

    c. Awarding Plaintiff liquidated damages in the amount calculated;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Respectfully submitted this 1st day of April 2017

FRANK M. MALATESTA
Florida Bar No. 0097080
Malatesta Law Office
871 Venetia Bay Blvd., Suite 220
Venice, FL 34285
941.256.3812 PHONE
888.501.3865 FAX
frank@malatestalawoffice.com